IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD SHRECK and JENNIFER SHRECK, | : Civ. No. 1:24-CV-1135 <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : (Chief Magistrate Judge Bloom) <br> : |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | : <br> : <br> : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

This case comes before us for consideration of a motion to dismiss filed by the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. 3). The plaintiffs, Leonard and Jennifer Shreck, filed this action alleging breach of contract by State Farm, as well as seeking loss of consortium damages, both resulting from an automobile accident that injured Leonard Shreck. (Doc. 1). Count I of the complaint alleges that the Shrecks are entitled to $75,000 in underinsured motorist benefits pursuant to two insurance policies they held with State Farm, but that State Farm has thus far not paid. (*Id.*). Count II alleges a loss of consortium claim brought by Jennifer Shreck. (*Id.*).

State Farm has moved to dismiss the claim for lack of subject matter jurisdiction. (Doc. 3). Specifically, State Farm alleges that the case fails to meet the amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1391(a)(2).

The motion is fully briefed and ripe for resolution. (Docs. 5, 6-2). After consideration, the defendant's motion will be granted.

## II. Background

On the afternoon of June 28, 2022, Leonard Shreck was driving his Harley-Davidson motorcycle in Lake Mahonoy Township. (Doc. 1 ¶¶ 6-7). The motorcycle was insured with State Farm under a policy naming both Leonard and Jennifer Shreck. (*Id.* ¶ 6). A third-party tortfeasor, Phil Philip Phillips, made a sudden, illegal left turn in his vehicle, forcing Leonard Shreck to take evasive action. (*Id.* ¶ 7). Shreck crashed and fell to the roadway, where he sustained significant injuries. (*Id.*). Phillips was insured, but only for $100,000, which was inadequate to account for the injuries suffered by Shreck. (*Id.* ¶ 14). The Shrecks, with the consent of State Farm, settled with Phillips for $92,500. (*Id.* ¶ 15).

The Shrecks then sought to recover underinsured motorist benefits pursuant to two insurance policies the Shrecks had with State Farm.

2

(Doc. 1 ¶ 16). One of the policies provided $25,000, the other, $50,000, to compensate the Shrecks for injuries caused by an underinsured driver. (*Id.* ¶ 16-17). By May 2, 2024, the Shrecks had made a written demand through counsel to State Farm, requesting a tender of their underinsured motorist benefits. (*Id* ¶ 25). As of the filing of this suit, those benefits remain unpaid. (*Id* ¶ 26). The Shrecks claim they were current on their policy, provided all the necessary information to State Farm to tender payment, and that those benefits are now due to them. (*Id.* ¶ 27-34).

The Shrecks then brought this action, alleging that State Farm has breached their contract by not tendering the underinsured motorist benefits. (*See generally*, Doc. 1.) They additionally claimed loss of consortium damages in excess of $75,000. (Doc. 1 ¶ 38).

State Farm has moved to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 3). State Farm claims that the amount in controversy, a requirement for this court to exercise diversity jurisdiction, has not been met. (*Id.*). After consideration, we will grant the motion and dismiss this action without prejudice for lack of subject matter jurisdiction.

III. Discussion

A. Motion to Dismiss – Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) instructs a court to dismiss the matter if it lacks subject matter jurisdiction over the complaint. Fed. R. Civ. P. 12(b)(1). Dismissal is required only if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)) (quotations omitted).

Motions under Rule 12(b)(1) can be facial or factual challenges. *Gould*, 220 F.3d 176. A facial challenge does not contest the complaint's alleged facts, but disputes that the facts establish jurisdiction and requires a court to "consider the allegations of the complaint as true." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (internal quotation marks omitted). A factual challenge attacks allegations in the complaint that purport to establish jurisdiction, and in this posture, a defendant may present competing facts. *Constitution Party of Pa. v.*

*Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A court considering a factual challenge may also "weigh and consider evidence outside the pleadings." *Id.* at 358 (internal quotation marks omitted). In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. *Gould*, 220 F.3d at 178.

The procedural posture of a Rule 12(b)(1) motion may be dispositive of its status as to facial or factual challenge. Where the motion comes before the defendant has answered the complaint, or "otherwise present[ed] competing facts," it must be considered facial. *Constitution Party of Pa.*, 757 F.3d at 358 (citing *Mortensen v. First Federal Sav. and Loan Ass'n.*, 549 F.2d 884, 892 n. 17 (3d Cir. 1977)); *Askew v. Church of the Lord Jesus Christ*, 684 F.3d 413, 417 (3d Cir. 2012).

" 'In sum, a facial attack 'contests the sufficiency of the pleadings,' [ ] 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.' " *Constitution Party of Pa.*, 757 F.3d at 358 (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).

### B. <u>The Defendant's Motion to Dismiss will be Granted.</u>

Shreck alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 1 ¶ 3). We have jurisdiction under § 1332(a)(1) where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states[.]" 28 U.S.C. § 1332(a)(1). Here, it is undisputed that the parties are completely diverse. However, the parties dispute whether the complaint meets the "amount in controversy" requirement. This dispute is not a disagreement on the facts of the case, but on the effect of the agreements between the parties as to "amount in controversy" requirement. We therefore construe State Farm's Rule 12(b)(1) motion as a facial attack.

When considering a 12(b)(1) facial attack, a court may consider the complaint and the submissions related to the plaintiff's motion to determine if the amount in controversy has been met. *Clark v. J.C. Penney Corp.*, Civ. A. No. 08–4083, 2009 WL 1564175, at *3 (D.N.J. June 1, 2009); *Hayes v. Ohio Nat'l Fin. Servs. Inc.*, Civ. A. No. 08–3743, 2008 WL 3852241, at *3 (E.D. Pa. Aug. 19, 2008). To honor Congress's intent to limit jurisdiction in diversity cases, doubts are resolved in favor of not finding jurisdiction. *See, e.g., Boyer v. Snap–On Tools Corp.*, 913 F.2d

108, 111 (3d Cir. 1990); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). "If this Court has to guess [at whether the jurisdictional threshold has been met], then the [party asserting jurisdiction exists] has not proved its point." *Irving,* 97 F.Supp.2d 656.

State Farm contends that because the maximum amount that can be owed to the Shrecks under the policies cannot exceed $75,000, Count I fails to allege the required amount in controversy for us to exercise diversity jurisdiction over this breach of contract claim. For their part, the plaintiffs contend that the amount in controversy requirement is satisfied by the payment already made by the third-party tortfeasor. (Doc. 6-2 at 4). The plaintiffs argue that the maximum jury verdict is $175,000,[1] meeting the amount in controversy requirement, while conceding that State Farm would claim a $100,000 credit against that verdict, pursuant to the already finalized settlement. (*Id.*).

---

[1] This number represents that a jury could find that the Shrecks are entitled to $100,000 from Phillips' insurance and $75,000 from State Farm in underinsured motorist benefits. That the Shrecks and Phillips have already settled any claims against Phillips and his insurance carrier for $92,500 is of no moment to the "amount in controversy" consideration; the situation is analogous to a plaintiff settling a money judgment for less than the whole amount, except that here, it happened before litigation, and not afterwards. Neither party disputes this.

The plaintiffs' argument misconstrues the amount in controversy requirement. The Third Circuit considered this same question from the opposite posture in *State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93 (3d Cir. 1996). There, State Farm argued that where two different $50,000 underinsured motorist policies were at issue, the amount in controversy was $100,000. *Powell*, 87 F.3d 97. The Court disagreed because, by the time of filing, State Farm had already entered into a settlement to pay Powell $50,000 pursuant to one of the policies at issue. *Id.* The court found that the $50,000 associated with that policy was not in controversy, and so "[s]imple arithmetic demonstrates that at the time that the action was filed, then, only $50,000 was in controversy." *Id. See also Coates v. Nationwide Ins. Co.*, 2012 WL 4068437 (E.D. Pa. Sep. 14, 2012) (finding that where a plaintiff was seeking $15,000 in underinsured motorist benefits, the fact that she was also entitled to collect $100,000 from the non-party tortfeasor's insurance policy did not make the amount in controversy in excess of $75,000).

That logic applies with equal force here. It cannot be said that $175,000 is "in controversy" when the parties agree that $100,000 of that figure has already been settled. The controversy here is limited to what

8

<s>
</s>

underinsured motorist benefits State Farm may owe to Leonard Shreck, which the parties agree cannot exceed $75,000. (Doc. 3 at 5; Doc. 6-2 at 4). Therefore, we find that, with respect to Count I, the Shrecks have not met their burden to prove by a preponderance of the evidence that they can recover an amount in excess of $75,000.

While the complaint also alleges a loss of consortium claim on behalf of Jennifer Shreck, we note that the value consideration here is limited strictly to each count's individual value; a loss of consortium claim is a separate and distinct claim and cannot be aggregated to meet the amount in controversy requirement. In fact, "the rule is 'long standing and seemingly well settled . . . that the claims of several plaintiffs, if they are separate and distinct, cannot be aggregated for purposes of determining the amount in controversy.'" *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 218 (3d Cir. 1999) (quoting 14B Wright, Miller & Cooper, Federal Practice and Procedure § 3704, at 134 (1994)). *See also Sdregas v. Home Depot, Inc.*, No. 01-5851, 2002 WL 32349815, at *2 (E.D. Pa. Apr. 5, 2002) (noting that under Pennsylvania law, "a loss of consortium claim, even though it is derivative from an injured spouse's personal injury claim, is a separate and distinct cause of

9

action"); *see also Burkhardt v. Contemporary Servs. Corp.*, No. 98-2911, 1998 WL 464914, at *2 (E.D. Pa. Aug. 7, 1998) (noting that other federal district courts have "repeatedly treated one spouse's loss of consortium claim as separate and distinct from the claim of the spouse suffering physical injury"). Similarly, attorneys' fees and costs are generally excluded from the amount in controversy calculations unless they are available under a statute or contractual provision, which has not been alleged here. *See, e.g., Irving v. Allstate Indem. Co.*, 97 F.Supp.2d 653, 656 n. 5. (E.D. Pa. 2000).

Accordingly, the plaintiffs may not aggregate the amounts alleged in both Counts I and II to meet the amount in controversy requirement. We further note that because the loss of consortium claim is derivative of the breach of contract claim, and we have concluded we do not have subject matter jurisdiction over the breach of contract claim, the loss of consortium claim cannot stand alone to meet the amount in controversy requirement. *See e.g., Kline v. Zimmer Holdings, Inc.*, 662 F. App'x 121, 121 n.1 (3d Cir. 2016) (dismissing a loss of consortium claim when all other claims failed) (non-precedential); *Banks v. International Rental and Leasing Corp.*, 680 F.3d 296, 300 n.8 (3d Cir. 2012) (concluding the

district court did not err in holding husband's loss of consortium claim was derivative to wife's claim for injury); *Darr Const. Co. v. W.C.A.B. (Walker)*, 715 A.2d 1075, 1080 (Pa. 1998) ("It is well-settled that the [loss of consortium] claim is derivative, emerging from the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities."); *See also Perloff v. Transamerica Life Insurance Co.*, 393 F.Supp.3d 404, 411 (E.D. Pa 2019) ("Loss of consortium claims are derivative in nature and will be dismissed where the underlying claims do not survive.") Thus, we will grant the defendant's motion to dismiss.

## IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss (Doc. 3) will be GRANTED.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: December 5, 2024